[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 19, 2010
JOHN LEY
CLERK

No. 09-13137
Non-Argument Calendar
_____

D. C. Docket No. 07-01433-CV-T-24-MAP

SHIN CREST PTE, LTD,
d.b.a. Shin Crest Metal & Plastic Products LTD
d.b.a. Dongguan Shin Crest Metal & Plastic Co. LTD,
DONGGUAN SHINDIN METAL & PLASTIC PRODUCTS LTD,
d.b.a. Dongguan Shin Crest Metal & Plastic Product Co. LTD,
d.b.a. Shin Crest Metal & Plastic Products LTD,

Plaintiffs-Appellants,

versus

AIU INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 19, 2010)

Before DUBINA, Chief Judge, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Shin Crest PTE, Ltd. ("Shin Crest") appeals the district court order granting summary judgment in favor of Appellee AIU Insurance Company ("AIU") on its bad-faith denial of insurance coverage claims and the district court order denying Shin Crest's motion to alter or amend the judgment. Shin Crest alleges that AIU breached its duty of good faith by settling the underlying personal injury claims for the policy limits on behalf of a co-insured, leaving Shin Crest exposed to its own defense costs and possible judgment. After reviewing the briefs and the record, we affirm the district court orders.

## I. BACKGROUND

The district court order granting summary judgment thoroughly explains the facts relating to the instant proceeding. *See Shin Crest PTE, Ltd. v. AIU Ins. Co.*, 605 F. Supp. 2d 1234, 1235–39 (M.D. Fla. 2009). We incorporate those facts here and briefly highlight the most important facts discussed by the district court. Mr. and Mrs. Blair, the plaintiffs in the underlying products liability action, steadfastly refused to enter into a settlement with Shin Crest while pursuing their claims against Sam's Club, the vendor of the allegedly injurious product. The Blairs ultimately entered into a settlement with Sam's Club equaling the remaining value

of the insurance policy owned by Shin Crest, extinguishing AIU's duty to defend and indemnify Shin Crest.

The Blairs contend that, if asked at mediation of their claims against Sam's Club, they would have agreed to a global settlement releasing both Sam's Club and Shin Crest. This self-serving statement (the Blairs are the contractual recipients of portions of any judgment in this case) is at odds with the numerous portions of the record that indicate that it was the Blairs' strategy from the inception of the suit to pursue a settlement with Sam's Club exclusively, and to sue Shin Crest in a separate proceeding. Even accepting their assertion as true, their uncommunicated state of mind does not show that AIU ever knew that it could settle the Blairs' claims with both Sam's Club and Shin Crest at any time before it executed the settlement on behalf of Sam's Club. In fact, the Blairs' recorded communications to AIU reflected in the record convey exactly the opposite impression.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*. *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009). We review the district court's denial of a motion under Fed. R. Civ. P. 59(e) for abuse of discretion. *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996).

## III. DISCUSSION

3

In *Contreras v. U.S. Security Insurance Co.*, 927 So. 2d 16 (Fla. Dist. Ct. App. 2006), a Florida appellate court discussed at length the duty of an insurer to co-insureds when the claimant is willing to settle with only one of the insureds. The court concluded that an insurer's duty of good faith to an insured is fulfilled when it attempts, unsuccessfully, to obtain a release for the insured while settling claims against a co-insured. *Id*. at 21. Conversely, an insurer that fails to settle on behalf of a co-insured because it cannot obtain a settlement for both insureds may be held liable for bad faith as to the co-insured. *Id.* The court explained the insurer's duty this way:

> Once it became clear that [the claimant] was unwilling to settle with [the insured] and give him a complete release, [the insurer] had no further opportunity to give fair consideration to a reasonable settlement offer for [the insured]. Since [the insurer] could not force [the claimant] to settle and release [the insured], it did all it could do to avoid excess exposure to [the insured].

*Id.* In a concurring opinion, one judge clarified the import of *Contreras*:

> If an insurer is given a reasonable period of time in which to settle . . . and it is entirely clear that within that time the plaintiff is not going to release the [insured], the insurer as a matter of law cannot have breached a duty of good faith to the [insured]. The majority opinion will benefit insurers by clarifying that, if they are unable to obtain a release for all defendants, they can still settle with one without being in bad faith.

*Id.* at 22 (Klein, J. concurring).

In this case, AIU simply followed the applicable Florida law in electing to

4

settle on behalf of Sam's Club, to the detriment of Shin Crest. Because the Blairs were unwilling to settle with Shin Crest, the only conclusion that can be drawn from the record, we hold that AIU fulfilled its duty to Shin Crest by trying, though unsuccessfully, to obtain for it a release from liability. Shin Crest tries to seize on the Blairs' admission that they would have settled their claims globally if presented with an offer for the policy limits at mediation. There is no indication in the record that AIU ever knew of this potential concession—all of the communications from the Blairs and their attorney pointed to the contrary. We therefore conclude that AIU complied with the duties imposed on it by *Contreras* as a matter of law.

## IV. CONCLUSION

Because the facts demonstrate that AIU fulfilled its duties to Shin Crest as a matter of law, we affirm the district court order granting summary judgment. Upon reaching this conclusion, we find no abuse of discretion in the district court order denying Shin Crest's Rule 59(e) motion.

**AFFIRMED.**

5